IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


KATHERINE ALLEN,

        Plaintiff,

  vs.                                                No. CIV 10-727 BB/LFG

BILL PAPATHEOFANIS,

        Defendant.

### ORDER TO SHOW CAUSE

THIS MATTER is before the Court on an October 7, 2010 letter [Doc. 9], submitted by Defendant. The letter generally recites Defendant's unsuccessful efforts to meet and confer with Plaintiff's counsel, to prepare a joint status report, and to make mandatory FED. R. CIV. P. 26(a) initial disclosures.

The letter also recites that Plaintiff's counsel's license to practice law was suspended in April 2010 and therefore Plaintiff's counsel is without authority to represent Plaintiff.[1]

The Court vacates the October 13, 2010 Rule 16 scheduling conference and directs Plaintiff to show cause why sanctions, including dismissal of the case without prejudice, should not be entered for:

    1) failing to meet and confer as required by FED. R. CIV. P. 26(f);

    2) failing to comply with the terms of the Court's initial scheduling order [Doc. 8];

---

[1] A Court may judicially notice its own records and those of its sister courts. St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979). The New Mexico Supreme Court's records show that Ginger A. Allen, Plaintiff's counsel, was suspended from practice for non-payment of bar dues. The Court's own records also indicate that Ginger A. Allen is not in good standing in the United States District Court due to her failure to pay federal bar dues. As a result, Ginger A. Allen may not respond to the Order to Show Cause on behalf of the Plaintiff. Rather, the Plaintiff, Katherine Allen, either *pro se* or through a licensed attorney must show cause within the time so directed.

      3) failing to make mandatory initial disclosures as required by FED. R. CIV. P. 26(a);

      4) failing to cooperate in the preparation of the joint status report.

Responses and supporting affidavits are due no later than October 22, 2010. Failure to timely respond will result in imposition of sanctions, including dismissal of the case without prejudice. <u>Ehrenhaus v. Reynolds</u>, 965 F.2d 916 (10th Cir. 1992).

IT IS SO ORDERED.

                                     */s/ Lorenzo F. Garcia*
                                     Lorenzo F. Garcia
                                     United States Magistrate Judge