IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KATHERINE ALLEN,
and on behalf of Doe,

        Plaintiff,

vs.                                                      CIVIL NO.  10-727 BB/LFG

BILL PAPATHEOFANIS,
aka Basili Yianni Papatheofanis Basilios,

        Defendant.

## ORDER IMPOSING SANCTION
## AND RESETTING SCHEDULING CONFERENCE

THIS MATTER is before the Court *sua sponte*.  On October 8, 2010, the Court issued an Order to Show Cause [Doc. 10] directing the Plaintiff, Katherine Allen ("Allen"), to show cause why sanctions, including dismissal of her case without prejudice, should not be entered for:

    1)  failing to meet and confer as required by Fed. R. Civ. P. 26(f);
    2)  failing to comply with the terms of the Court's initial scheduling order [Doc 8];
    3)  failing to make mandatory initial disclosures as required by Fed. R. Civ. P. 26(a);
    4)  failing to cooperate in the preparation of the joint status report.

[Doc. 10, at pp. 1-2]

Allen was required to file a response and supporting affidavit no later than October 22, 2010. The Court's Order specifically provided, "Failure to timely respond will result in imposition of sanctions, including dismissal of the case without prejudice. Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992)."

Notwithstanding the Court's express directive that Allen show cause by a date certain, she ignored the Court's Order to Show Cause and failed to submit a response or affidavit within the time

allotted. While Allen did file a late response [Doc. 12] on October 30, 2010, she fails to set forth any facts which would excuse her previous failures to abide by Court directives and rules of procedure. Instead, she focuses on the fact that she is currently unrepresented by counsel. This does not excuse her defiance of Court orders. *Pro se* litigants are obligated to follow the rules of procedure and all directives of the Court. Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).

Under Ehrenhaus v. Reynolds, *supra*, 920-21, as well Meade v. Grubbs, 841 F.2d 1512, 1520-21 (10th Cir. 1988), a court is required to consider a number of factors prior to choosing dismissal of a lawsuit as an appropriate sanction. Those factors include: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would likely be taken as a sanction for non-compliance; and, (5) the efficacy of lesser sanctions. With these factors in mind, the Court determines the appropriateness of sanctions.

## Degree of Prejudice to Opposing Party

Initial disclosures are required under Fed. R. Civ. P. 26 as a way of expediting the ultimate disposition of litigation and reducing the costs. The Rule recognizes that parties are entitled to very basic information at the outset without the need to make a discovery request. Thus, initial disclosures are automatic.

The Rule imposes a deadline for making disclosures. As earlier indicated, Allen was directed to automatically make initial disclosures and provide very basic information to Defendant within fourteen days of the meet-and-confer session. Fed. R. Civ. P. 26(a)(1). This did not occur.

Defendant Papatheofanis is without basic information necessary to evaluate the strengths and weaknesses of Allen's claims. This is true even taking into consideration Allen's late response. Without information necessary to investigate the legitimacy of the claims, Papatheofanis is

significantly disadvantaged to the extent that it was necessary for him to contact the Court to apprise of the difficulties he is experiencing in obtaining very basic cooperation.

Even at the present date, Allen has failed to comply with even basic obligations imposed by the Rule. She has not filed any certificate indicating compliance with her initial disclosure obligations. The Court concludes that Papatheofanis is and will continue to be disadvantaged as a result of Allen's non-compliance.

## Interference With the Judicial Process

Allen's non-compliance has required the Court to issue an Order to Show Cause, and now to review an untimely submission and to determine if sanctions are appropriate. This is time that could have been devoted to other lawsuits and other significant issues. Allen's failure to comply interfered with the Court's case management plan in that it was necessary to vacate the Rule 16 scheduling and initial case processing has come to a halt due to Allen's non-compliance.

The Court concludes that Allen's failure to comply with the Court's scheduling order and directives caused significant interference with the judicial process.

## Culpability of the Litigant

The Court is apprised that Ginger A. Allen, Plaintiff's counsel, was suspended from the practice of law in the State of New Mexico for non-payment of bar dues. This Court's own records indicate the Ginger A. Allen is not in good standing with the United States District Court due to her failure to pay the federal bar dues. As a result, she was not permitted to respond to the Order to Show Cause on behalf of Plaintiff. Rather, the Court directed Katherine Allen herself, either *pro se* or through another licensed attorney, to show cause within the time so directed.

Because Katherine Allen is the one who failed to respond within the time allotted, she is the party who should suffer the consequences. In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir.

1984); M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 873 (10th Cir. 1987). While attorney Ginger A. Allen is in jeopardy of having sanctions imposed against her for practicing law at a time when she was not licensed to do so, the penalty in this case will be imposed on the client, Katherine Allen, as she was the individual directed to show cause.

### Advanced Warning of Possible Dismissal

The Court must consider whether it gave a prior warning that the lawsuit may be dismissed. Willner v. Univ. of Kansas, 848 F.2d 1023 (10th Cir. 1988). Indeed, the Court gave a specific warning to that effect. Its Order to Show Cause explicitly stated, "Failure to timely respond will result in imposition of sanctions, including dismissal of the case without prejudice. Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992)." Thus, Allen was put on notice that dismissal was a distinct possibility. Indeed, the Court's recent Order indicated that non-compliance would result in dismissal of the litigation without prejudice [Doc. 10].

### Efficacy of Lesser Sanctions

Notwithstanding the Court's earlier warning that failure to comply with Court orders and directives could result in the imposition of sanctions, including dismissal, Allen failed to comply in a timely manner, and, as discussed above, her late response fails to show cause why this case should not be dismissed. It appears Allen chose to ignore the Court's directives just as she has ignored her discovery obligations and compliance with the rules of procedure. Given these failures, the imposition of sanctions is appropriate.

While the Court earlier advised Allen that a failure to timely respond would result in dismissal of her case, Allen did respond, albeit outside of the time limit, she asserts that reasons

exist why she has been non-compliant, including representations that she did not get notice.[1]

The Court recognizes that dismissal of a lawsuit is a severe sanctions and should be imposed only where no other sanction is effective.  In other words, it should be used as the last rather than the first resort.

Accordingly, the Court requires Allen to pay a sanction of $200.00 to the Clerk of Court within ten days.  She shall certify compliance by filing a certificate.

Allen is further directed to make her Fed. R. Civ. P. 26 disclosures within ten days and to submit her portions of the Joint Status Report to opposing counsel within ten days.[2]

A Rule 16 scheduling conference is reset for **Wednesday, December 1, 2010** at **3:00** in the undersigned judge's conference room.

Allen is put on notice that further violations of the federal rules or the Court's orders will result in additional sanctions, including the dismissal of her case without prejudice.  <u>Ehrenhaus v. Reynolds</u>.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

---

[1] No notice would have been sent to Allen, as she was represented by counsel.  Rather, notice went to her attorney.  It is unclear whether her attorney provided notice to Allen.

[2] Defense counsel shall incorporate Allen's submissions into an amended Joint Status Report and submit the same to the Court prior to the rescheduled Rule conference.