IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KATHERINE ALLEN,
and on behalf of Doe,

              Plaintiff,

   vs.                                          CIVIL NO.  10-727 BB/LFG

BILL PAPATHEOFANIS,
aka Basili Yianni Papatheofanis Basilios,

              Defendant.

## **REPORT AND RECOMMENDATION**[1]
## **AND ORDER VACATING SCHEDULING CONFERENCE**

On November 1, 2010, the Court entered an Order Imposing Sanction [Doc. 13] on Plaintiff

Katherine Allen ("Allen") and reset a Fed. R. Civ. P. 16 scheduling conference.  The Court's order

was issued  due to Allen's failure to meet and confer as required by Fed. R. Civ. P. 26(f); failure to

comply with the terms of the Court's Initial Scheduling Order [Doc. 8]; failure to make mandatory

initial disclosures as required by Fed. R. Civ. P. 26(a); and failure to cooperate in the preparation

of a Joint Status Report.

Although Allen was required by an earlier Order to Show Cause [Doc. 10] to file a response

and supporting affidavit no later than October 22, 2010, she did not respond to the Court's order,

and the Court concluded that sanctions under Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir.

1992), were appropriate.  Allen neither responded to the Court's Order to Show Cause nor did she

seek any extension of time within which to comply.  Instead, on October 30, 2010, well beyond the

---

[1]Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation.  If no objections are filed by December 3, 2010, no appellate review will be allowed.

response deadline, Allen filed a response [Doc. 12].  Her response failed to set forth any facts which

would excuse her prior failures to abide by the Court's directives and rules.  As a result of her failure

to show cause why sanctions should not be imposed, the Court proceeded to conduct evaluations

under Ehrenhaus v. Reynolds, *supra*, as well as Meade v. Grubbs, 841 F.2d 1512, 1520-21 (10th Cir.

1988).

The Court's November 1, 2010 order considered the degree of prejudice suffered by the

opposing party, interference with the judicial process, Allen's culpability, whether an advanced

warning of possible dismissal was made, as well efficacy of lesser sanctions.  Based on the Court's

analysis, it concluded:

> The Court recognizes that dismissal of a lawsuit is a severe sanction
> and should be imposed only where no other sanction is effective.  In
> other words, it should be used as the last rather than the first resort.
>
> Accordingly, the Court requires Allen to pay a sanction of $200.00
> to the Clerk of Court within ten days.  She shall certify compliance
> by filing a certificate.
>
> Allen is further directed to make her Fed. R. Civ. P. 26 disclosures
> within ten days and to submit her portion of the Joint Status Report
> to opposing counsel within ten days.
>
> * * *
>
> Allen is put on notice that further violations of the federal rules or the
> Court's orders will result in additional sanctions, including the
> dismissal of her case without prejudice.  Ehrenhaus v. Reynolds.

[Doc. 13, p. 5].

Notwithstanding the Court's explicit warnings, Allen did not pay the sanction; she did not

certify compliance; she did not make her Fed. R. Civ. P. 26 disclosure; she did not cooperate in

preparing a Joint Status Report.[2] Allen submitted no affidavit or any information indicating that she was unable to comply with the Court's directive.

It is clear that Allen has opted to disregard her responsibilities under the rules of procedure and has refused to comply with the Court's orders and directives. The Court earlier rejected the sanction of dismissal, as it would have been an extreme sanction, and, instead, utilized a less severe sanction–imposition of a fine–as a means of compelling Allen's compliance. She ignored the Court's directive.

## Recommendation

Accordingly, the undersigned Magistrate Judge recommends that the presiding judge, the Honorable Bruce D. Black, dismiss Allen's lawsuit with prejudice as a sanction for her non-compliance.[3] The Court further recommends that Defendant receive any taxable costs under Fed. R. Civ. P. 54.

IT IS ORDERED that the scheduling conference set for December 1, 2010 is vacated.


_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge

---

[2]On November 15, 2010, Defendant notified the Court that disclosures had not been made and that Defendant was unable to submit an updated Joint Status Report due to the absence of Allen's portion of the Joint Status Report.

[3]While the Court earlier proposed a dismissal without prejudice, it is clear that Plaintiff's abdication of responsibilities merits a more significant sanction.