IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KATHERINE ALLEN,
and on behalf of Doe,

        Plaintiff,

vs.                                                                             CIVIL NO.  10-727 BB/LFG

BILL PAPATHEOFANIS,
aka Basili Yianni Papatheofanis Basilios,

        Defendant.

## ORDER REINSTATING REPORT
## AND RECOMMENDATION TO DISMISS[1]

On November 1, 2010, the Court directed that sanctions be imposed against Plaintiff Katherine Allen ("Allen") as a result of her failure to meet and confer, to cooperate in the preparation of a Joint Status Report, and to make mandatory initial disclosures [Doc. 13].

Allen did not comply with the Court's sanction order and, accordingly, on November 16, 2010, the referral Magistrate Judge filed a Report and Recommendation proposing dismissal of Allen's case with prejudice as a result of her refusal to comply with Court orders and directives [Doc. 16].

The Court's earlier Order to Show Cause [Doc. 10] required Allen to file a written response and supporting affidavit no later than October 22, 2010.  When she did not respond to the Court's order, the Court concluded that sanctions under Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992), were appropriate.

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation.  If no objections are filed by January 24, 2011, no appellate review will be allowed.

However, on October 30, 2010, well beyond the deadline for responding, Allen filed a response [Doc. 12]. Her response failed to set forth any facts which would excuse her prior failures to abide by the Court's directives and rules. Thus, the Court proceeded with an <u>Ehrenhaus v. Reynolds</u> analysis, and recommended that the presiding judge, the Honorable Bruce D. Black, dismiss Allen's lawsuit as an appropriate sanction for her non-compliance.

Subsequent to the filing of the Report and Recommendation, Allen submitted new pleadings, Docs. 18 and 19, contending that she had not received notice of the Court's earlier orders. Concluding that it would be unfair to dismiss her case with prejudice as a sanction if, in fact, she had not received the prior orders, the Court withdrew the Report and Recommendation in an order dated December 7, 2010 [Doc. 20]. In the order of withdrawal, Allen was directed to meet and confer with opposing counsel within ten days and to make her mandatory Fed. R. Civ. P. 26 disclosures within fourteen days of the meet-and-confer. The Court also directed that Allen file certificates of compliance with the Court, indicating that she and opposing counsel met and conferred as required; that she made her Rule 26 disclosures; and that she cooperated in the preparation of a Joint Status Report.

Significantly, the Court's order of withdrawal states:

> Should Plaintiff fail to meet her obligations under the rules of procedure or this Court's orders, Rule 16 sanctions will be imposed, including dismissal with prejudice of the lawsuit. <u>Ehrenhaus v. Reynolds</u>, 965 F.2d 916, 920 (10th Cir. 1992).

Notwithstanding the Court's explicit directive, Defendant advises that Allen failed to initiate a meet-and-confer; failed to make disclosures; failed to cooperate in the preparation of a Joint Status Report; and failed to file the certificates of compliance [Doc. 22].

On this occasion, it is abundantly clear that Allen received electronic notice of the Court's filings. Allen's refusal to comply with her obligations under the rules of procedure and her refusal to abide by this Court's orders requires reinstatement of the Court's earlier Report and Recommendation that Allen's case be dismissed with prejudice.

Accordingly, the Court reinstates the Report and Recommendation and adds, as additional grounds for the proposed dismissal, that Allen failed to comply with the Court's December 7, 2010 order in its entirety.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge